IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW SIMPSON, <br>     Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br>     Respondent. | No.  3:16-CV-3405-D-BK <br>     (3:09-CR-0249-D) <br><br> Referred to U.S. Magistrate Judge |

## PETITIONER'S RESPONSE TO GOVERNMENT'S FILING

Respectfully submitted,

_____

Matthew N. Simpson #39454-177
FCI Three Rivers
PO Box 4200
Three Rivers, TX 78071

## PETITIONER'S RESPONSE TO GOVERNMENT'S FILING

Petitioner Matthew Norman Simpson submits this response to the Government's filing of April 28, 2017 in response to his motion under 28 USC 2255.

\* <u>Gov. pg 2</u>: [Petitioner's] "arguments ... are little more than an attempt to relitigate issues"

To the extent that the issues were litigated at all, Petitioner asserts that due to counsel's errors, they were litigated ineffectively.

Per the Government's citation of Strickland [Gov pg 6], a "petitioner must identify specific acts or omissions", and Petitioner did so, as well as attached supporting evidence.

\* <u>Gov pg 8</u>: The Government cites Murray and Woodfox in an attempt to minimize the detrimental impact of counsel's failure to call certain witnesses. Murray and Woodfox are inapposite, here. Petitioner specifically set forth the content of proposed testimony, and demonstrated how that testimony directly contradicted the Government's bald assertions at trial. The jury must have the facts, and be able to understand them, to render a just verdict.

Additionally, Petitioner submitted evidence from recognized experts in the subject matter at hand.

* **Gov pg 8:** The Government falsely claims that Chris Stigler's [sic] testimony would not contradict Ms. Smallwood's testimony because "Simpson told her to go through her computer at their office -- not 'the system'". As the Government well knows, all the computers at the office and data center were interdependent and linked together, and constituted one "system". In fact, this is what the Government relied on to obtain a search warrant (see statement of FBI Agent Allyn Lynd in Application for Search of 8641 Glenturret Dr and Application for Search of 2323 Bryan Street). Smallwood simply did not have access to delete any data, anywhere, and no data was deleted, semantic word games notwithstanding.

* **Gov pg 10:** The Government shifts the blame for their misconduct to Petitioner by asserting that he should have testified about the encryption. (Most egregiously, they make this claim knowing that the hard drive in question was not the encrypted drive in the first place.) This simply makes Petitioner's point -- why did counsel not ask those questions? Counsel was ineffective. Additionally, the Government accused Petitioner of destroying data, not encrypting it. Petitioner did not in fact destroy anything, and therefore there was confusion over which drive the Government was actually accusing. Petitioner did nothing but co-operate, he voluntarily provided the FBI with the drive.

\* <u>Gov pg 10</u>: The Government continues by asserting that Mr. James' evidence is not "new", only his opinion, and that Mr. James would only disagree with the prosecution.

There is no dispute that the Government testified that the drive was "wiped", that there was data "splashed over the drive", and the drive was "unreadable". This caused Petitioner and counsel to believe (incorrectly) at the time of trial that the Government must be referring to the encrypted drive. In 2016, Mr. James obtains a copy of the drive from the Government and it turns out that there is data, it isn't encrypted, wiped, or "splashed", and is in fact, perfectly readable! That's not a "battle of the experts", that's a lie exposed, and it was prosecutorial misconduct. The fact that Petitioner's counsel did not even know which drive the Government was accusing only supports Petitioner's claim of ineffective assistance.

\* <u>Gov pgs 11, 14</u>: the Government focuses in on only one issue relating to Count Two, the server itself. The government fails to address the various emails they took out of context to mislead the jury (2255 pg 8,9,10,11), that the statute was misapplied to the facts (2255 pg 13-14), or the submission of additional evidence supporting those assertions (2255 exhibit B).

Conclusion

Petitioner has laid out substantial evidence and exculpatory details for the Court's consideration. There was not simply one small misstep by counsel; counsel fundamentally did

not provide a constitutionally effective defense. Due to ineffective assistance by counsel and demonstrated prosecutorial misconduct, Petitioner asks that the court grant Simpson's motion.

Respectfully submitted,

*[signature]*

Matthew N. Simpson #39454-177
FCI Three Rivers
PO Box 4200
Three Rivers, TX 78071

CERTIFICATE OF SERVICE

I certify that on May 15 2017, I filed this response with the Clerk of the Court for the US District Court, Northern District of Texas. I also certify that a copy of this response was sent to Amy J. Mitchell, Assistant US Attorney, 1100 Commerce Street, Third Floor, Dallas, TX 75242, by first class mail.

*[signature]*
Matthew N. Simpson



U.S. POSTAGE PAID
MAYPEARL, TX
76064
MAY 17 17
AMOUNT
$12.75
R2305E125922-01

7015 1660 0000 4783 7960

FROM: Matthew Simpson
#39454-177 MCB
FCI Three Rivers
PO Box 4200
Three Rivers, TX -78071

TO: Clerk of the Court
U.S. District Court
1100 Commerce Street
Room 1452
Dallas, TX - 75242

RECEIVED
MAY 18 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRESS FIRMLY TO SEAL                SEAL

★ MAIL ★

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- INSURANCE INCLUDED*
- PICKUP AVAILABLE
  * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE

This envelope is made from post-consumer waste. Please recycle - again.