IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW NORMAN SIMPSON, <br> #39454-177, <br>     MOVANT, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br>     RESPONDENT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 3:16-CV-3405-D-BK <br> (CRIMINAL NO. 3:09-CR-249-D-6) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

### I.   BACKGROUND

Movant Matthew Norman Simpson was convicted of conspiring to commit wire and mail fraud (Count 1), aiding and abetting the transmission of spam (Count 2), obstructing justice (Count 4), and registering a false domain name (Count 7). All convictions except the one for false registration were affirmed on appeal, *United States v. Simpson*, 741 F.3d 539, 546 (5th Cir. 2014), and on remand he was resentenced to an aggregate term of 480 months—consecutive 240-month terms on Counts 1 and 4 and a concurrent 36-month term on Count 2. *United States v. Simpson*, 796 F.3d 548 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 920 (2016).

Simpson subsequently filed this timely, *pro se* Section 2255 motion, asserting ineffective assistance of counsel. Doc. 2. The Government filed a response in opposition and Simpson filed

a reply. Doc. 11; Doc. 12. Upon review, the Court concludes that Simpson has failed in his burden to demonstrate that counsel was ineffective. Thus, his Section 2255 motion fails.

## II. ANALYSIS

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient performance prong of the *Strickland* test, movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* Thus, the question under *Strickland* is "whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (quoting *Strickland*, 466 U.S. at 693, 697). However, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

A. **Obstruction of Justice (Count 4)**

1. **Failure to call lay and expert witnesses**

Simpson asserts that counsel rendered ineffective assistance by failing to call certain lay or expert witnesses to oppose the Government's evidence of obstruction of justice. Simpson identifies Chris Stigler,[1] the company's programmer, as a witness who would have impeached co-conspirator Alicia Cargill Smallwood's testimony that Simpson "told her to destroy [data]." Doc. 2 at 5. He contends that Stigler would have testified that Smallwood did not have the requisite "access to delete any data." Doc. 12 at 3. Simpson also asserts that an unidentified expert witness could have established that the hard drive, which he was accused of destroying or altering, was actually unencrypted and did not contain "any data remotely connected with the case." Doc. 2 at 3. He surmises that such an expert could have explained at a minimum the encryption and contents of the hard drive involved in the obstruction of justice charge. Doc. 2 at 3-4. In addition, Simpson maintains that the affidavit of Dan James, which he received after drafting his Section 2255 motion, is "newly discovered evidence." Doc. 2 at 16. In his affidavit, James, a possible computer forensic expert, affirms the hard drive contained data, including deleted files, which was neither encrypted nor "wiped" or damaged. Doc. 2 at 19.

Simpson has failed in the basic requirement that he establish the proposed witnesses were available, would have testified, and their testimony would have been favorable to him. *See United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (to satisfy *Strickland* prejudice based on failure to call a lay or expert witness, the movant must name the witness, demonstrate the witness's availability and willingness to testify, identify the witness's proposed testimony, and

---

[1] Stigler's name is misspelled "Sigler" in the Section 2255 motion. Doc. 2 at 5.

show that the testimony would have been favorable to a particular defense (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009))).  Contrary to his reply argument—that he "specifically set forth the content of proposed testimony, and demonstrated how that testimony directly contradicted the Government's bald assertions at trial," Doc. 12 at 2—Simpson's allegations are "largely speculative."  *Fields*, 761 F.3d at 461.  Indeed, Simpson only mentions by name one lay witness and one possible expert witness and only generally summarizes the substance of their hypothetical testimony.  This is plainly insufficient.  *See Day*, 566 F.3d at 538 (finding uncalled expert witness's affidavit insufficient because it only countered the expert opinion presented at trial and did not address that he was available to testify at trial, that he would have done so, and that he would have testified in accord with the opinions and conclusions he states in his affidavit); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (denying uncalled-witnesses claim due to failure to present affidavits from missing witnesses).

In addition, considering the extensive evidence presented at trial, Simpson has failed to demonstrate "a reasonable probability" that the testimony of any proposed lay or expert witnesses, if presented at trial, would have changed the jury's conclusion.  *See Day*, 566 F.3d at 538.  Simpson's obstruction of justice "conviction was based on Simpson's deletion of his electronic communication with Faulkner after search warrants for Faulkner's home and offices were executed."  *Simpson*, 741 F.3d at 551.  While Simpson eventually provided the drive from which the communication had been deleted, the FBI agent testified "it had no usable data" and "was as if the data had been 'splashed all over the drive,' supporting the inference that Simpson did more than simply remove emails from his inbox."  *Id.* at 552.  That notwithstanding, the United States Court of Appeals for the Fifth Circuit concluded that: (1) Simpson's admission that he deleted emails after learning of the executed search warrant, and (2) his instruction to

Smallwood to do the same on her computer "provided sufficient evidence of [his] intent to interfere with the administration of justice" to support his obstruction-of-justice conviction.[2] *Id.* On this record—especially Stigler's admissions—any testimony that Smallwood did not have the necessary "access to delete any data" would not have impacted the outcome of the case. The same is true as to the impact, or lack thereof, of James' or any other expert's purported testimony about encryption, the contents of the hard drive, and that the hard drive contained unencrypted data. Therefore, this claim fails.

### 2. Failure to disclose content of hard drive to jury

Next, Simpson alleges that counsel was ineffective for failing to show the jury the contents of the hard drive. Doc. 2 at 4. He avers that the hard drive "contained nothing relating to the case" and yet was "the only evidence that the Government claimed Petitioner destroyed or obstructed." *Id.* Simpson is wrong.

On direct appeal, the Fifth Circuit found that other evidence—including Simpson's own admission that he had deleted emails and his instruction to Smallwood to do the same—supported his conviction for obstruction of justice. *Simpson*, 741 F.3d at 551-52. Thus, because Simpson has not established that presenting the contents of the hard drive at trial would have altered the outcome of his case, this claim likewise fails.

### 3. Failure to present testimony

Simpson maintains that counsel "should have submitted to the jury testimony that he did not expect any official proceedings, or search warrants to be executed on him" and that he fully cooperated with the FBI and voluntarily turned over the "very object of the alleged obstruction

---

[2] The opinion refers to Alicia Cargill Smallwood as Cargill. *Simpson*, 741 F.3d at 551.

[the hard drive]." Doc. 2 at 5-6. Simpson avers that "the jury should have been made aware of these facts, and counsel's failure to do so was a critical error." Doc. 2 at 7. However, on direct appeal, the Fifth Circuit rejected Simpson's argument that there was not a sufficient connection between the deletion of the email and an official proceeding, *Simpson*, 741 F.3d at 552, thus, the Court will not revisit that issue here. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) ("If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."); *see also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in [a] previous appeal at the § 2255 stage."). Consequently, Simpson has once again failed to demonstrate prejudice and this claim fails.

### 4. Failure to object to constructive amendment

Simpson also alleges that counsel ignored a constructive amendment of Count 4 of the Indictment by failing to object to the government's "alternative theory . . . that [Simpson] instructed Smallwood to destroy some unspecified object." Doc. 2 at 5. As a preliminary matter, what Simpson complains of is, at most, merely a variance rather than a constructive amendment. *See United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005) ("A variance arises when the proof at trial depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense.").

Here, the Fourth Superseding Indictment charged that Simpson "did knowingly and corruptly destroy *and attempt to destroy* records and document," Crim. Doc. 1007 at 58 (emphasis added). And, as noted previously herein, the Fifth Circuit concluded that: (1) Simpson's admission that he deleted emails after learning of the executed search warrant, and (2) his instruction to Smallwood to do the same on her computer "provided sufficient evidence of

[his] intent to interfere with the administration of justice" to support his obstruction-of-justice conviction. *Simpson*, 741 F.3d at 552. Simpson cannot demonstrate prejudice. Thus, either event/occurrence alone was enough to support Simpson's conviction of Count 4, and he cannot establish prejudice. As such, this claim also fails.

### B. Aiding and Abetting the Transmission of Spam (Count 2)

#### 1. Failure to hire expert

Simpson contends that trial counsel rendered ineffective assistance in failing to hire an expert to explain to the jury the technical aspects of the spam charge. He maintains that an expert witness should have explained to the jury the "difference between email and voice traffic," the technical methods for tracking spam email, the procedures for handling spam email complaints in the industry, and other "critical technical details." Doc. 2 at 8, 10-12, 14. As before, Simpson's claim regarding the uncalled hypothetical expert witness is speculative, unsupported and plainly insufficient. *Fields*, 761 F.3d at 461; *Day*, 566 F.3d at 538. As before, he has failed to establish that an expert was available, would have testified at trial and that the testimony would have been favorable. Therefore, this claim fails.

#### 2. Failure to adequately cross examine

Also speculative is Simpson's claim that counsel was ineffective in cross examining Logan Vig. Doc. 2 at 12. Simpson merely surmises that counsel should have elicited through cross examination of Vig that Simpson reasonably worked with Faulkner to resolve all spam complaints, and that the large volume of e-mails sent by Falkner or his customers were neither misleading or fraudulent. *Id.* Simpson omits critical support for his claim, however, including: (1) the specific testimony that should have been elicited through cross-examination; (2) the basis for Vig's knowledge of such facts and/or Vig's qualification to offer opinion testimony on an

ultimate issue of fact, to-wit: whether the emails were misleading or fraudulent; (3) an explanation of how such testimony would have been beneficial to the defense. *Day*, 566 F.3d at 539-40. Nor does he show that he suffered any prejudice—namely that additional or different cross examination would have changed the outcome of his trial. *Id.* at 540 (citing *United States v. Irby,* 103 F.3d 126 (5th Cir. 1996) (unpublished) (denying ineffective assistance claim because petitioner "fail[ed] to set forth ... the possible impact of any additional cross-examination")). Thus, Simpson's allegations are conclusory and insufficient to overcome the presumption that counsel's cross examination was, in fact, in accordance with reasonable trial strategy. *Strickland*, 466 U.S. at 689-90

### 3. Failure to Present Testimony

Simpson also contends that his conviction for transmitting spam was erroneous because the server was programmed only for voice calls. Doc. 2 at 8-9. The Fifth Circuit rejected this assertion on appeal, finding there was "sufficient evidence supporting Simpson's conviction of aiding and abetting spam based on the email messages." *Simpson*, 741 F.3d at 551. Thus, the Court will not revisit the issue. *Moore*, 598 F.2d at 441.

### C. Failure to Proffer Simpson's Willingness to Cooperate

Lastly, Simpson challenges counsel's failure to engage in a "'proffer dialogue' with the government concerning the multitude of accusations leveled against him." Doc. 2 at 14. He speculates that a proffer would have "given the Government insight into [his] case," and avers that since he was "willing to take responsibility for his actions," such dialog with the government "would almost certainly have led to a plea agreement and cooperation between Petitioner and the Government." Doc. 2 at 15. Simpson's suggestion that he would have accepted criminal responsibility is belied by the record. As recounted by the Fifth Circuit, this Court specifically

noted at sentencing that Simpson's actions were wholly inconsistent with the acceptance of responsibility. *Simpson*, 741 F.3d at 552. Moreover, that the Government would have made him a plea offer is purely speculative and lacks any factual basis whatsoever.

Based on this record, Simpson's ineffective assistance claim for failure to request a proffer is without merit.

### III.   CONCLUSION

Simpson has failed to demonstrate that his counsel was ineffective. Therefore, his motion to vacate sentence under 28 U.S.C. § 2255 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED.**

March 6, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).